UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

AIDA SEHIC COYNE,

<table>
<tr><td></td><td>Plaintiff,</td><td>**DECLARATION OF**<br>**SHAWNA C. MACLEOD**</td></tr>
</table>

- against -

18 Civ. 01471

NEW YORK CITY DEPARTMENT OF
EDUCATION; CARMEN FARINA, as Chancellor of
the New York City Department of Education and
individually; LAKISHA MCDANIEL-LUKE, as
Principal of I.S. 143 and individually; PATRICIA GIL,
as Assistant Principal of I.S. 143 and individually;
SOPIIIA MATOS, as Assistant Principal of I.S. 143 and
individually,

Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**SHAWNA C. MACLEOD** declares, pursuant to 28 U.S.C. § 1746 and subject to
the penalties of perjury, that the following is true and correct:

1.      I am an Assistant Corporation Counsel in the office of Zachary W. Carter,
Corporation Counsel of the City of New York, attorney for defendants New York City
Department of Education, Carmen Farina, La Kisha McDaniel-Luke, Patricia Gil, and Sophia
Matos in the above-captioned action (collectively, "Defendants"). I submit this declaration in
support of Defendants' motion to dismiss the Complaint in part, pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure.

2.      Attached to this declaration as Exhibit A is a copy of Plaintiff's complaint.

Dated:      New York, New York
           June 18, 2018

_____
Shawna C. MacLeod
Assistant Corporation Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AIDA SEHIC COYNE,

                          Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; CARMEN FARINA, as Chancellor
of New York City Department of Education and
individually; LAKISHA MCDANIEL-LUKE, as
Principal of I.S. 143 and individually; PATRICIA
GIL, as Assistant Principal of I.S. 143 and
individually; SOPHIA MATOS, as Assistant
Principal of I.S. 143 and individually,

                       Defendants.

**COMPLAINT**

**18 Civ. _____**

**JURY TRIAL DEMANDED**

---

       Plaintiff AIDA SEHIC COYNE, by and through her attorneys GLASS KRAKOWER

LLP, as and for her Complaint, respectively alleges as follows:

**PRELIMINARY STATEMENT**

1.       Plaintiff AIDA SEHIC COYNE ("Plaintiff or Coyne"), a dedicated tenured English

teacher, brings this action to remedy a pattern of sexual, racial, and national origin harassment by

students at the Defendant New York City Department of Education ("NYCDOE") against her, as

condoned by her administrators at the schools where she was assigned both as an Absent Reserve

Teacher and as a tenured teacher assigned to I.S. 143 within the NYCDOE.

2.       Plaintiff has been subjected to a barrage of outrageous and abusive remarks, threats, and

verbal and physical assaults by students based on her sex (Female), race (Caucasian), and national

origin (Plaintiff was born in that part of Yugoslavia that is now known as Bosnia and Herzegovina). Plaintiff also speaks with a noticeable European accent.

3. Plaintiff repeatedly has brought the issue of harassment to the attention of Defendants to no avail. In all instances, Defendants failed to respond in any meaningful way to Plaintiff's ongoing complaints and concerns about sexual and/or racial and/or national origin harassment, which led to physical, mental, and/or emotional injuries and/or distress.

4. Despite Plaintiff's 19 years of service, tenure, and excellent reputation, the NYCDOE commenced New York State Education Law § 3020-a disciplinary charges primarily based on alleged incompetent teaching performance against her on or about June 20, 2016, wherein the Defendant NYCDOE and her administrators sought to terminate Plaintiff's employment.

5. Shortly thereafter, the NYCDOE suspended Plaintiff from her teaching duties. Disciplinary hearings ensued, and on February 2, 2017, appointed Section 3020-a Hearing Officer James Brown issued a decision which sustained certain charges and dismissed others, and imposed a $7,500 fine payable over a one-year period of time.

6. The specific Section 3020-a disciplinary allegations were brought in retaliation for Plaintiff's multiple complaints of harassment, caused by the unlawful sex, race, and national origin discriminatory student on teacher harassment against her.

7. Plaintiff brings this action to remedy unlawful discrimination and retaliation on the basis of her sex, race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the New York State Human Rights Law, N.Y. Exec Law § 296, the New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 *et. seq.*; and 42 U.S.C. § 1983 which also addresses Equal Protection violations.

8.      Plaintiff also brings this action to remedy unlawful discrimination and retaliation on the basis of race and national origin under 42 U.S.C. § 1981 and to remedy unlawful discrimination on the basis of sex in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 *et. seq.*

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, 42 U.S.C. § 1981, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et. seq.*; 42 U.S.C. § 1983, all of which are federal statutes.

10.     As to her claims under New York State and New York City law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

11.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District, all parties routinely do business in this District, and this Court has personal jurisdiction over all parties.

## THE PARTIES

12.     Plaintiff AIDA SEHIC COYNE is a resident of the State of New York.

13.     At all times relevant herein, Defendant New York City Department of Education ("NYCDOE") is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law and Plaintiff's employer. *See* New York State Education Law § 2590 *et. seq.*

14.     At all times relevant herein, Defendant CARMEN FARINA was the Chancellor of the NYCDOE and, as such, is the Chief Executive Officer of the NYCDOE.

15.     At all times relevant herein, Defendant LAKISHA MCDANIEL-LUKE was the principal of Intermediate School 143 ("I.S. 143") in Washington Heights in Upper Manhattan, New York, a school within the NYCDOE.

16.     At all times relevant herein, Defendant PATRICIA GIL was an assistant principal of I.S. 143 in Washington Heights in Upper Manhattan, New York, a school within the NYCDOE.

17.     At all times relevant herein, Defendant SOPHIA MATOS was an assistant principal of I.S. 143 in Washington Heights in Upper Manhattan, New York, a school within the NYCDOE.

## FACTUAL ALLEGATIONS

18.     Plaintiff was appointed as an English teacher in September 1999 by the NYCDOE, received tenure three years later, and has been employed as a tenured teacher in various capacities since that time.

19.     Plaintiff was initially assigned to teach full-time as an appointed teacher at I.S. 143 in 1999.

20.     Effective September 2011, Plaintiff was excessed from I.S. 143 and placed into the Absent Teacher Reserve Pool ("ATR Pool"). The term "excessed" is used to describe the reassignment of teachers based upon a variety of reasons including budget cuts. Teachers in the ATR Pool are commonly referred to as substitutes and rotate to different schools.

21.     Since being placed in the ATR pool in June 2011, Plaintiff has been subjected to repeated and outrageous sexual, racial, and national origin harassment by students at her assigned schools. Plaintiff has been regularly subjected to verbally abusive sexist and racist remarks, remarks based upon her national origin, physical threats, and physical sexual assaults.

**2011-12 School Year**

22.     In April or May of 2012, while working as an ATR at I.S. 218 in Upper Manhattan, an 8th grade female student mocked Plaintiff's foreign accent and demanded to know her national origin.

4

Plaintiff did not share her national origin with this student at the time, and the student hurled a bag full of metal rulers in Plaintiff's face, causing Plaintiff a broken nose. Plaintiff reported this incident on the NYCDOE's Online Reporting (OORS) System, but was not offered any medical assistance and her request to take leave to see a doctor the next day was denied by her administrators. The female student remained in the school and was not suspended after Plaintiff was assigned to another school. The records of the incident never made it to Plaintiff's personnel file.

**2013-14 School Year**

23.     During the Spring 2014 of the 2013-14 school year, while working as an ATR at M.S. 322, which was co-located in the same building as I.S. 218 in Upper Manhattan, several 8th grade students surrounded Plaintiff menacingly and waved their hands in her face, calling Plaintiff "You fucking white bitch"; and "Ya fucking Russian bitch." Other students in the classroom grabbed her bag and kicked it violently into the air causing important medical records relating to Plaintiff's daughter to be destroyed. At dismissal, one of the girls also stated, "I'll fuck you up, you white crack ho!" Plaintiff reported this to administration and the School Safety Officer, yet no action was taken to discipline the students, and instead the students made a false allegation against her that she made a racial epithet during the incident, which was later unsubstantiated.

24.     This same group of students menaced Plaintiff in May or June 2014 outside the school by screaming "You fucking ugly white bitch!," and "You fucking crack ho", which upset and frightened Plaintiff, as well as her elementary aged daughter and son, who often walked home with her from their neighborhood school. Plaintiff reported these outside incidents to M.S. 322 Principal Zigelman, who simply dismissed the incidents and remarkably stated that she was "not the one" to report these incidents to. However, Principal Zigelman gave no guidance or support

to Plaintiff regarding proper protocol for reporting these incidents. When Plaintiff attempted to report these incidents to an intake officer at NYPD Police Precinct 34, the police officer stated that it was the school's responsibility to rectify the situation. Plaintiff also informed ATR supervisor Ms. Miller about these incidents, yet Defendants took no action to rectify the situation.

**2014-15 School Year**

25.     On or about September 2, 2014, which was the first day of the 2014-2015 school year, Plaintiff learned from a teacher friend at I.S. 143 that she was permanently reassigned back to I.S. 143. When Plaintiff reported to I.S. 143, Defendant Principal McDaniel clearly did not want to take Plaintiff back at the school. Principal McDaniel did not provide an appropriate curriculum to Plaintiff. When Plaintiff complained to Defendant Principal McDaniel about the inadequate curriculum, she did nothing to remedy the situation.

26.     Commencing in September 2014, Plaintiff suffered repeated instances of sexual harassment, racial harassment, and/or national origin harassment by students at I.S. 143. Despite repeated complaints to administration, Defendants allowed the severe and pervasive hostile work environment to continue. Rather than support Plaintiff and address her complaints, Defendants retaliated against her by rating her ineffective on multiple teaching observations, which eventually became the basis of disciplinary charges against her under New York State Education Law § 3020-a.

27.     On or about September 17, 2014, 6th grade male student J.A. aggressively threw furniture in Plaintiff's class, causing Plaintiff to fear for her safety, and made verbally abusive comments to Plaintiff such as "bitch." Plaintiff reported this incident to Defendant Assistant Principal Gil and to the student's parent. She also posted the incident on the Defendants' Jupiter Grades online reporting system. Upon information and belief, Defendants took no action to discipline the student.

6

28.     On or about September 18, 2014, the same 6th grade male student J.A. referred to Plaintiff in her class as a "Halo blankital," which Plaintiff understood to mean white girl, and as "Puta…Tuta Loca," which Plaintiff understood to mean peasant girl, whore or bitch, crazy female. Plaintiff reported this incident to school counselor Ms. Aquino and on Defendants' Jupiter online reporting system. Upon information and belief, Defendants took no action to discipline or remove the student from the class.

29.     On or about October 3, 2014, the same 6th grade male student J.A. screamed and threw books and other projectiles in class and drew a penis on several books in the classroom. He also stated, "Ms. Coyne suck dick." Plaintiff reported this incident to school counselor Ms. Aquino, to Defendant Assistant Principal Matos, and to Defendant Principal McDaniel. She also reported it on Defendants' Jupiter online reporting system and called the student's parents. Upon information and belief, Defendants took no action to discipline or remove the student from the class.

30.     On or about October 20, 2014, another 6th grade male student W.M. undertook a prolonged course of lewd gesturing in class, simulating masturbation while looking at Plaintiff and repeatedly banging on a desk. Plaintiff reported this to the administration and on Defendants' Jupiter online reporting system. Upon information and belief, Defendants took no action to discipline or remove the student or remove the student from the class.

31.     On or about October 24, 2014, the 6th grade male student J.A. directed lewd gestures and simulated masturbation towards Plaintiff in class and used obscene language such as "suck a dick." Later in the day, this same student kicked and banged Plaintiff's classroom door and made screeching noises. Plaintiff was alone in the classroom and was terrified. Plaintiff reported these incidents to Defendant Principal McDaniel and on Defendants' Jupiter online reporting system.

Plaintiff also called the student's parent. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

32.     On or about October 24, 2014, another 6th grade male student J.G. directed profane language towards Plaintiff in class by stating "suck my dick" and by calling Plaintiff a "bitch." Plaintiff reported these incidents to administration, called the student's parent, and reported it on Defendants' Jupiter online reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

33.     On or about October 27, 2014, the 6th grade male student J.A. threw books and mimicked Plaintiff's foreign accent and facial expressions. Plaintiff reported these incidents to administration, called the student's parent, and reported it on Defendants' Jupiter online reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

34.     On or about October 27, 2014, the 6th grade male student W.M. came up to Plaintiff in class and stated that student J.T. "got a boner" while grinning and making eye contact with Plaintiff. Plaintiff called the student's parent and reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

35.     On or about October 31, 2014, a group of students informed Plaintiff that 6th grade male student J.A. came into Plaintiff's classroom before school and completely trashed it. When Plaintiff arrived in her classroom, she found chairs knocked down, hundreds of books scattered all over the floor, and anchor charts destroyed. Plaintiff reported this incident to Defendant Principal McDaniel and to Defendant Assistant Principal Gil. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

36.     On or about November 6, 2014, the 6th grade male student J.A. threatened to shoot Plaintiff with a spit ball and referred to Plaintiff as the "stupidest bitch ever." This student also invaded Plaintiff's personal space by standing close and menacingly glaring at Plaintiff. Plaintiff reported these incidents to Defendant Assistant Principal Gil.  Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

37.     On or about November 20, 2014, during a fire drill, the 6th grade male student J.A. made lewd gestures towards Plaintiff such as grabbing and pulling on his crotch. Plaintiff reported this to administration. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

38.     On or about December 8, 2014, another 6th grade male student M.R. said, "fuck you" to Plaintiff. Plaintiff reported this to administration. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

39.     On or about December 22, 2014, the 6th grade male student J.A. told Plaintiff to "suck my dick" and made lewd noises directed towards Plaintiff.  Plaintiff filled out a Removal from Class form which was given to the school Dean Ortiz, with the expectation that this student would be removed from Plaintiff's class.  Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.  On or about December 23, 2014, Dean Ortiz informed Plaintiff that Defendant Principal McDaniel discarded the Removal from Class form and blamed the problem on Plaintiff's classroom management skills.

40.     On or about January 6, 2015, two 6th grade male students A.T. and O.T. repeatedly called out to Plaintiff "suck my dick." Plaintiff reported this incident to Defendant Assistant Principal Gil and tried to reach the students' parents.  Upon information and belief, Defendants took no action to discipline the students or remove the students from the class.

9

41.     On or about January 7, 2015, 6th grade male student W.M. repeatedly stated in front of the class that Plaintiff should be "sucking my dick." Plaintiff reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

42.     On or about January 20, 2015, 6th grade male student W.M. stated during class that Plaintiff should "suck my dick". Plaintiff reported this incident to administration and on Defendants' online Jupiter reporting system.  Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

43.     On or about January 20, 2015, 6th grade male students M.R. and R.N. stated during class that Plaintiff should "suck my ass" and "Droga! Droga! Droga...she is on crack." Plaintiff understood "droga" to refer to the word "drug" which means that an individual is slow because they are under the influence of alcohol. Plaintiff reported this incident to Defendant Assistant Principal Gil, called the parents, and reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

44.     On or about February 20, 2015, 6th grade male student J.A. trashed Plaintiff's classroom again. Plaintiff reported this incident to Defendant Assistant Principal Gil and to Dean Ortiz and reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

45.     On or about March 25, 2015, 6th grade male student R.N. jumped and humped the furniture in Plaintiff's class and physically pushed Plaintiff with his torso. Plaintiff left a voicemail message for this student's parent, and reported this incident to Dean Ortiz.  Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

46.     On or about April 13, 2015, 6th grade male student J.A. directed exaggerated lewd moaning and panting sounds (simulating sexual intercourse) towards Plaintiff. Plaintiff reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

47.     On or about April 29, 2015, 6th grade student R.N. stated to Plaintiff "suck my dick." Plaintiff reported this incident to Defendant Principal McDaniel and to Defendant Assistant Principal Gil and reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

48.     On or about May 11, 2015, 6th grade male student J.A. laughed in Plaintiff's face and mocked her European accent. Plaintiff reported this incident to the student's parent, the administration and on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

49.     On or about May 20, 2015, 6th grade male student J.A. stole Plaintiff's flash drive which contained important teaching materials. Plaintiff reported this to the administration. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

50.     On or about June 17, 2015, 6th grade male students J.T. and J.L. verbally harassed Plaintiff by screaming "droga" at her.  Plaintiff understood a droga to refer to someone who acts slow because they are under the influence of alcohol. This incident was reported to School Counselor Aquino, the parent was called, and Plaintiff reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the students or remove the students from the class.

51.     Plaintiff was given an Ineffective overall rating for the 2014-15 school year.

**2015-16 School Year**

52.     On or about November 6, 2015, 6th grade male student L.G. played moaning sounds (as in sexual intercourse) from his laptop which were directed to Plaintiff. Plaintiff reported this incident to Dean Ortiz and on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

53.     On or about November 17, 2015, 6th grade male student A.V. shouted to Plaintiff that "you can be sucking my dick." This incident was reported to Defendant Principal McDaniel. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

54.     On or about December 1, 2015, 6th grade male student J.P. hit Plaintiff with a paper ball in the head and referred to Plaintiff as "you fucking retard." Plaintiff reported this incident to Dean Ortiz, Literacy Coach Bayer, and Defendant Assistant Principal Gil. Plaintiff also reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

55.     On or about December 11, 2015, 6th grade male student J.R. pointed his middle finger towards Plaintiff. Plaintiff reported this incident to his parent and to his counselor. She also reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

56.     On or about December 16, 2015, 6th grade male student A.M. jumped on Plaintiff's back which caused Plaintiff pain and emotional distress. This student also threatened to "smack" Plaintiff. Additionally, this student mocked Plaintiff's European accent. Plaintiff reported this incident on a UFT Safety/Discipline Report form and to Dean Ortiz. Teacher Ms. Stanley took a

picture of a red mark on Plaintiff's back and sent it to Dean Ortiz, who forwarded the photo to Defendant Principal McDaniel. While this student was eventually suspended for a short period of time, he was returned to Plaintiff's classroom without any mediation session involving Plaintiff and the student. Defendants did not take any meaningful action to discipline the student or permanently remove the student from the class.

57.     On or about December 17, 2015, 6th grade male student J.P. threatened Plaintiff by saying "I will hurt you, just like A.M. did." This student also invaded Plaintiff's personal space by standing very near her. Additionally, this student destroyed objects in the classroom such as charts and violently hurled pens. Defendant Assistant Principal Gil witnessed this student's aggressive behavior and invasion of Plaintiff's personal space. Upon information and belief, Defendants took no action to discipline the student.

58.     At various times during 2015, 6th grade male student J.A. (who was no longer a student in her class) trashed Plaintiff's class room and at times drew realistic drawings of penises on classroom books. He also repeatedly verbally abused Plaintiff by saying such words as "Ms. Coyne suck dick!". This was reported to Defendant Principal McDaniel, Defendant Assistant Principal Matos, Defendant Assistant Principal Gil, Dean Ortiz and Ms. Bayer. Defendants never investigated these incidents and, unfortunately, took no action to discipline the student or remove the student from the class.

59.     On or about January 7, 2016, 6th grade male student J.P. ran into Plaintiff's classroom recklessly and hit Plaintiff with his elbow. Plaintiff notified administration, called the parent, and reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

13

60.     On or about January 11, 2016, 6th grade students J.R. and A.M. shouted obscenities at Plaintiff such as "You thot!", which Plaintiff understood to refer to a female who is only good for mindless sex, and "fuck you." Plaintiff reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

61.     On or about January 12, 2016, 6th grade student Y.M. stated to Plaintiff "who the fuck are you, you ugly white bitch." Plaintiff reported this to Defendant Assistant Principal Matos to the student's parent. She also reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

62.     On or about January 15, 2016, 6th grade male student J.A. pushed Plaintiff and struck her in the face with a hard, heavy object, causing severe pain. This incident was reported to Defendant Assistant Principal Gil and Defendant Principal McDaniel.   Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

63.     On or about January 15, 2016, 6th grade male student J.M. referred to Plaintiff as "ugly old pussy." This incident was reported to the parent and to Defendant Assistant Principal Gil. She also reported it on Defendants' online Jupiter reporting system.   Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

64.     On or about January 22, 2016, 6th grade male student J.R. stated to Plaintiff, "Just know this Ms. Coyne-I have a big dick." Student J.M. told Plaintiff that she should "suck my dick during class." Plaintiff reported this to both students' parents, to Defendant Principal McDaniel, and on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the students or remove the students from the class.

14

65.     On or about January 29, 2016, 6th grade student L.R. trashed Plaintiff's classroom by throwing books on the floor and screamed "Fuck Ms. Coyne, Fuck You, Fuck You, Fuck You Ms. Coyne." Plaintiff reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

66.     On or about February 22, 2016, 6th grade male student A.M. barged into Plaintiff's classroom and stabbed her with a mechanical pencil which caused a laceration on her skin. Plaintiff filled out a UFT Incident report and reported this incident to Defendant Principal McDaniel. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class, and would not approve her line of duty leave regarding the incident.

67.     On or about March 9, 2016, 6th grade male student J.P. stated to Plaintiff that she should "suck my dick." Plaintiff reported this incident to the student's parent, to the administration, and on Defendants' online Jupiter reporting system.  Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

68.     On or about March 10, 2016, 6th grade male student L.G. retorted to Plaintiff that she should "suck my ass." This incident was reported to the student's parent, to Defendant Assistant Principal Gil, and on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

69.     On or about March 16, 2016, 6th grade male students J.R. and J.M. recklessly punched furniture and ridiculed Plaintiff's European accent and facial features. Plaintiff referred this incident to school counselor Rohan. She reported the incident to their parents and reported it on Defendants' online Jupiter reporting system. After Plaintiff reported this incident to Dean Ortiz, student J.R. called Plaintiff "you fucking bitch" and stated "Watch, you bitch! When my Mother

15

comes in tomorrow, she'll deck you." Dean Ortiz heard this vulgarity and texted Defendant Principal McDaniel. Plaintiff again alerted the student's parent, reported it to counselor Rohan and reported it on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

70.     On or about March 17, 2016, 6th grade male student J.R. shouted at Plaintiff from the principal's office "fucking white bitch!" This was in front of Defendant Principal McDaniel. Defendant McDaniel did not say anything or take any follow up action.

71.     On or about April 12, 2016, 6th grade student J.R. called Plaintiff a "white bitch" and threatened her by stating "you better not snitch to my Mother!" Plaintiff reported this incident to counselor Rohan, to the student's parent, and on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

72.     On or about April 13, 2016, 6th grade male student J.M. kicked Plaintiff in her leg which caused severe pain. Plaintiff filled out a UFT Incident Report and reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

73.     On or about May 4, 2016, 6th grade student J.R. jumped on Plaintiff's head which caused Plaintiff to become dizzy, and student J.R. ran out of class. This assault occurred in front of coteacher Ms. Stanley, a black teacher who was not blamed for any of the student incidents like Plaintiff was. Plaintiff reported this incident to Defendant Principal McDaniel. Student J.R. was allowed to return to class and stated, "I hate you bitch", "I'll deck you bitch "Get that white bitch out of my face." Later in the day, in front of Defendant Principal McDaniel, this student called Plaintiff a "fucking skinny ass white bitch!" and said "Get that white bitch out

16

of my face." Upon information and belief, 6th grade male student J.R. was not disciplined or permanently removed from the class.

74.    On or about May 21, 2016, 6th grade male student J.M. stated to Plaintiff "suck my dick." Plaintiff reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

75.    On or about May 31, 2016, 6th grade male student J.R. invaded Plaintiff's personal space and stated that he would "fuck you up" and have "her fired." After he pushed Plaintiff, he referred to her as "you bitch" and as "you ho". Plaintiff reported this incident to Defendant Principal McDaniel. In front of Defendant Principal McDaniel, this student called Plaintiff a "skinny white bitch, get out of my face." Defendant Principal McDaniel did not say anything or take any action.

76.    On or about June 7, 2016, 6th grade male student J.R. yelled at Plaintiff "whatch'ya looking at me Bitch? You nigga. Nigga, niggeer!" He also extended his middle finger toward Plaintiff and was waving his hand in her face menacingly. Plaintiff reported this incident to Student Advisor/Dean Ortiz, to the student's parent, and on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

77.    On or about June 7, 2016, 6th grade male students J.R. and A.M. sneaked into Plaintiff's classroom, recklessly shouted profanities, and knocked things over. When Plaintiff ordered them to leave, they retorted "suck my dick". Plaintiff called for security and informed the parents. Additionally, Plaintiff reported this incident on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the students or remove the students from the class.

17

78.    On or about June 16, 2016, 6th grade male student J.R. screamed in Plaintiff's face "God, you're so ugly!!...You fucking ugly ass bitch." Plaintiff reported this incident to the student's mother, to Defendant Assistant Principal Matos, and on Defendants' online Jupiter reporting system. Upon information and belief, Defendants took no action to discipline the student or remove the student from the class.

79.    In the 2015-16 school year, Plaintiff was again rated ineffective by the school principal, but the neutral peer validator from outside the school who observed Plaintiff unannounced three times over the school year gave Plaintiff higher teaching ratings.

80.    On or about June 20, 2016, Defendant NYCDOE commenced New York State Education Law § 3020-a disciplinary charges for alleged incompetence against Plaintiff. Plaintiff was eventually fined $7,500 and remains a tenured teacher. Those disciplinary charges were a direct result of Plaintiff's complaints about students who harassed her because of her sex, race, and/or national origin, and sought to blame her for unruly classes that resulted from the administration's failure to protect her and discipline students who were allowed to repeatedly racially and sexually harass her without disciplinary consequences.

81.    Plaintiff has suffered severe emotional and psychological distress, including Post Traumatic Stress Disorder (PTSD), as a result of the ongoing sexual abuse, racial abuse and abuse based upon national origin.   Plaintiff is under the care of both a psychotherapist and a psychiatrist and suffers from a psychosomatic disability (Irritable Bowel Syndrome) because of the events described herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

82.    On or about April 4, 2017, Plaintiff filed a complaint with the New York State Division of Human Rights, which was dually filed with the U.S. Equal Employment Opportunity Commission

("EEOC"), alleging race, sex, national origin, and disability discrimination. Plaintiff requested an administrative convenience dismissal, and received a right to sue letter from the EEOC dated November 28, 2017. A copy of the right to sue letter is annexed as Exhibit A.

## FIRST CLAIM FOR RELIEF

### (Violation of Title VII against NYCDOE–Discrimination and Retaliation based on Sex, Race and/or National Origin)

83.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth herein.

84.     The repeated incidents of verbal abuse, sexual remarks, racial remarks as well as threats, and assaults against Plaintiff constitute a hostile work environment which Plaintiff has suffered because of her sex (Female), race (Caucasian), and/or national origin (Plaintiff was born in the part of Yugoslavia that is now known as Bosnia and Herzegovina).

85.     Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected and repeatedly complained to Defendants to no avail.

86.     Defendants have failed to take any action to remedy or alleviate the discriminatory hostile events complained about herein.

87.     Plaintiff is now suffering and will continue to suffer irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

88.     On or about June 20, 2016, Education Law § 3020-a disciplinary charges for incompetence were commenced against Plaintiff. Plaintiff was eventually fined $7,500 and remains a tenured teacher. Those Charges were a direct result of Plaintiff's complaints about students who harassed her because of her sex, race and/or national origin.

89.     Defendants, through the aforementioned conduct, have violated Title VII, 42 U.S.C. §§ 2000e *et seq.*, by discriminating against Plaintiff on the basis of her sex, race, and/or national origin.

## SECOND CLAIM FOR RELIEF

### (Violation of New York State Human Rights Law against All Defendants – Discrimination and Retaliation based on Sex, Race, and/or National Origin)

90.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth herein.

91.     The repeated incidents of verbal abuse, sexual remarks, racial remarks and remarks based on Plaintiff's national origin as well as threats, and assaults against Plaintiff constitute a hostile work environment which Plaintiff has suffered because of her sex (Female), race (Caucasian) and/or national origin (Plaintiff was born in the part of Yugoslavia that is now known as Bosnia and Herzegovina).

92.     Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected and repeatedly complained to Defendants.

93.     Defendants have refused to take any action to remedy or alleviate the discriminatory hostile environmental events complained about herein.

94.     Plaintiff is now suffering and will continue to suffer irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

95.     On or about June 20, 2016, Education Law § 3020-a disciplinary charges for incompetence were preferred against Plaintiff. Plaintiff was eventually fined $7,500 and remains a tenured teacher. Those Charges were a direct result of Plaintiff's complaints about students who harassed her because of her sex, race, and/or national origin.

96.     Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., by discriminating against Plaintiff on the basis of her sex, race, and/or national origin.

## THIRD CLAIM FOR RELIEF

**(Violation of New York City Human Rights Law against All Defendants – Discrimination and Retaliation based on Sex, Race, and/or National Origin)**

97.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth herein.

98.     The repeated incidents of verbal abuse, sexual remarks, racial remarks and remarks based on Plaintiff's national origin as well as threats, and assaults against Plaintiff constitute a hostile work environment which Plaintiff has suffered because of her sex (Female), race (Caucasian) and/or national origin (Plaintiff was born in the part of Yugoslavia which is now known as Bosnia and Herzegovina).

99.     Plaintiff repeatedly objected to the hostile work environment to which she was subjected and repeatedly complained to Defendants.

100.    Defendants have refused to take any action to remedy or alleviate the discriminatory hostile environmental events complained about herein.

101.    Plaintiff is now suffering and will continue to suffer irreparable injury and damages for mental anguish and humiliation because of the conduct complained of herein.

102.    On or about June 20, 2016, Education Law § 3020-a disciplinary charges for incompetence were commenced against Plaintiff. Plaintiff was eventually fined $7,500 and remains a tenured teacher. Those Charges were a direct result of Plaintiff's complaints about students who harassed her because of her sex, race, and/or national origin.

21

103.    Defendants, through the aforementioned conduct, have violated the New York City Human

Rights Law, N.Y.C. Administrative Code §§ 8-101 et seq., by discriminating against Plaintiff on

the basis of her sex, race, and/or national origin.


## FOURTH CLAIM FOR RELIEF

### (Violations of 42 U.S.C. § 1983 against All Defendants, Discrimination and Retaliation based upon Sex, Race, and/or National Origin as well as under the New York and U.S. Constitutions)

104.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully
set forth herein.

105.    42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State or Territory or the District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress…

106.    The repeated incidents of verbal abuse, sexual remarks, racial remarks and remarks based

on Plaintiff's national origin as well as threats, and assaults against Plaintiff constitute a hostile

work environment which Plaintiff has suffered because of her sex (Female), race (Caucasian),

and/or national origin (Plaintiff was born in the part of Yugoslavia which is now known as Bosnia

and Herzegovina).

107.    Plaintiff has repeatedly objected to the hostile work environment to which she was

subjected and repeatedly complained to Defendants.

108.    Defendants refused to take any action to remedy or alleviate the discriminatory hostile

environmental events complained about herein.

109.    Plaintiff is now suffering and will continue to suffer irreparable injury and damages for

mental anguish and humiliation because of the conduct complained of herein.

22

110.    On or about June 20, 2016, Education Law § 3020-a disciplinary charges for incompetence were preferred against Plaintiff. Plaintiff was eventually fined $7,500 and remains a tenured teacher. Those Charges were a direct result of Plaintiff's complaints about students who harassed her because of her sex, race, and/or national origin.

111.    Discrimination and harassment on the basis of sex, race, and/or national origin violates federal, state, and New York City law cited here and deprived Plaintiff of the rights, privileges, or immunities secured by the Equal Protection clauses in the U.S. and N.Y.S. Constitutions to be free from discrimination and harassment based upon sex, race, and/or national origin.

112.    Defendants' violation of the laws and the Equal Protection clauses cited herein involved clearly established rights.

## FIFTH CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1981 against All Defendants– Discrimination and Retaliation based on Race and/or National Origin)

113.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth herein.

114.    The repeated incidents of verbal abuse, racial remarks and remarks based on Plaintiff's national origin as well as threats, and assaults against Plaintiff constitute a hostile work environment which Plaintiff has suffered because of her race (Caucasian) and/or national origin (Plaintiff was born in the part of Yugoslavia which is now known as Bosnia and Herzegovina).

115.    Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected and repeatedly complained to Defendants.

116.    On or about June 20, 2016, Education Law § 3020-a disciplinary charges for incompetence were commenced against Plaintiff. Plaintiff was eventually fined $7,500 and remains a tenured

teacher. Those Charges were a direct result of Plaintiff's complaints about students who harassed her because of her race and/or national origin.

117. Defendants have refused to take any action to remedy or alleviate the discriminatory hostile environmental events complained about herein.

118. Plaintiff is now suffering and will continue to suffer irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

119. Defendants, through the aforementioned conduct, have violated 42 U.S.C. § 1981 by discriminating against Plaintiff on the basis of her race and/or national origin.

## SIXTH CLAIM FOR RELIEF

### (Violation of Title IX against NYCDOE Defendant – Discrimination based on Sex and Retaliation)

120. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

121. The repeated incidents of verbal abuse, sexual remarks, as well as threats, and assaults against Plaintiff constitute a hostile work environment which Plaintiff has suffered because of her sex (Female).

122. Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected and repeatedly complained to Defendants.

123. Defendants have refused to take any action to remedy or alleviate the discriminatory hostile environmental events complained about herein.

124. Plaintiff is now suffering and will continue to suffer irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

125.   On or about June 20, 2016, Education Law § 3020-a disciplinary charges for incompetence were commenced against Plaintiff. Plaintiff was eventually fined $7,500 and remains a tenured teacher. Those Charges were in retaliation for Plaintiff's complaints about students who harassed her because of her sex.

126.   Defendants, through the aforementioned conduct, have violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq., by discriminating against Plaintiff on the basis of her sex (Female).

## JURY TRIAL DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for declaratory relief and monetary damages as follows:

A.   A declaratory judgment that Defendant NYCDOE is in violation of Title VII; and

B.   A declaratory judgment that Defendants are in violation of the New York State Human Rights Law; and

C.   A declaratory judgment that Defendants are in violation of the New York City Human Rights Law; and

D.   A declaratory judgment that Defendants are in violation of 42 U.S.C. § 1983; and

E.   A declaratory judgment that Defendants are in violation of 42 U.S.C. § 1981; and

F.   A declaratory judgment that Defendant NYCDOE is in violation of Title IX; and

G.   Enjoining Defendants from engaging in any similar violations; and

H.   Awarding Plaintiff compensatory damages, emotional distress damages, and punitive damages pursuant to Title VII, the New York State Human Rights Law, the New York City Human Rights Law, 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title IX; and

I.      Awarding equitable relief, including but not limited to, requiring Defendants to establish a policy for reporting and remedying sexual harassment, racial harassment and harassment based upon national origin of teachers by students; and

J.      Awarding Plaintiff costs and reasonable attorneys' fees; and

K.      Such other and further relief as this Court may deem necessary, just and proper.

Dated:      New York, New York
            February 18, 2018

                        Respectfully submitted,

                        GLASS KRAKOWER LLP
                        100 Church Street, 8th Floor, Suite 800
                        New York, NY 10007
                        (212) 537-6859

            By:      _____
                        Bryan D. Glass, Esq.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Aida Sehic Coyne<br>894 Riverside Drive, Apt 3H<br>New York, NY 10032 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2017-02373 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
|  | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| X | Other (briefly state)　　**Charging Party wishes to pursue matter in Federal District Court.** |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

November 28, 2017
(Date Mailed)

Enclosures(s)

cc:

CITY OF NEW YORK, DEPARTMENT OF EDU
Attn: Robin Singer, Deputy Gen. Counsel
Office of General
52 Chambers Street, Room 308
New York, NY 10007

Bryan D. Glass, Esq.
Glass Krakower, LLP
100 Church Street, Suite 800
New York, NY 10007