18 CV 1471 (KBF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

AIDA SEHIC COYNE,

                                                                                                  Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
CARMEN FARINA, as Chancellor of New York City
Department of Education and individually; LAKISHA
MCDANIEL-LUKE, as Principal of I.S. 143 and individually;
PATRICIA GIL, as Assistant Principal of I.S. 143 and
individually; SOPHIA MATOS, as Assistant Principal of I.S. 143
and individually,

                                                                                            Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

---

### GLASS KRAKOWER LLP

Attorneys for Plaintiff
100 Church Street, 8th floor, Suite 800
New York, NY 10007

Bryan D. Glass, Esq.
Tel: 212-537-6859
bg@glasskrakower.com

Served July 16, 2018

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT.......................................................................................................................... 3

POINT I

PLAINTIFF'S CLAIMS ARE NOT TIME-BARRED ......................................................... 3

POINT II

THE COMPLAINT HAS ALLEGED MORE THAN ADEQUATE
VALID RACE, SEX, AND NATIONAL-ORIGIN DISCRIMINATION
CLAIMS UNDER TITLE VII ............................................................................................... 4

POINT III

PLAINTIFF'S RACE-BASED SECTION 1981 CLAIM IS COGNIZABLE
GIVEN THAT IT IS BROUGHT IN CONJUNCTION WITH A SECTION
1983 CLAIM.......................................................................................................................... 8

POINT IV

PLAINTIFF'S SECTION 1983 CLAIMS SHOULD PROCEED AGAINST
THE INDIVIDUAL DEFENDANTS.................................................................................... 9

POINT V

PLAINTIFF'S SECTION 1983 CLAIMS SHOULD NOT BE DISMISSED
BASED ON QUALIFIED IMMUNITY ............................................................................... 9

POINT VI

ALL INDIVIDUALLY NAMED DEFENDANTS WITH THE EXCEPTION OF
CHANCELLOR FARINA HAVE PERSONAL INVOLVEMENT IN
THIS ACTION....................................................................................................................... 10

POINT VII

THE COMPLAINT HAS ALLEGED MORE THAN ADEQUATE VALID
NATIONAL-ORIGIN DISCRIMINATION CLAIMS UNDER TITLE VII……...............10

CONCLUSION……………………………………………………………………..11

# TABLE OF AUTHORITIES

<u>Cases:</u>

<u>Anderson v. City of New York,</u>
  2017 U.S. Dist. LEXIS 8358 (SDNY 2017) .................................................................. 6

<u>Browne v. CUNY,</u>
  419 F.Supp.2d 315 (EDNY 2005), *aff'd sub nom.*, 2012 Fed. Appx. 523 (2d Cir. 2006) ......... 6

<u>Burlington Northern & Santa Fe Railway v. White,</u>
  543 U.S. 53 (2006) ........................................................................................................ 8

<u>Crady v. Liberty Nat'l Bank and Trust Co.,</u>
  993 F.2d 132 (7th Cir. 1993) ........................................................................................ 5

<u>Curcio v. Roosevelt Union Free School District,</u>
  2012 U.S. Dist LEXIS 120144 (EDNY 2012) .............................................................. 4

<u>Duplan v. City of New York,</u>
  888 F.3d 612 (2d Cir. 2018) ......................................................................................... 8

<u>Fincher v. Depository Trust and Clearing Corp.,</u>
  604 F.2d 712 (2d Cir. 2010) ......................................................................................... 7

<u>Graham v. LIRR,</u>
  230 F.3d 34 (2d Cir. 2000) ........................................................................................... 4

<u>Hausdorf v. NYCDOE,</u>
  2018 U.S. Dist. LEXIS 13330 (SDNY 2018) ............................................................. 2, 7

<u>Herling v. New York City DOE,</u>
  2014 U.S. Dist. LEXIS 56442 (EDNY 2014) ............................................................... 6

<u>Housing Works Inc. v. City of New York,</u>
  72 F.Supp.2d 402 (SDNY 1999) .................................................................................. 4

<u>Hyongan Lu. v. Chase Inv. Servs. Corp.,</u>
  412 Fed. Appx. 413 (2d Cir. 2011) ........................................................................... 4, 5

<u>Lebowitz v. NYCDOE,</u>
  2017 U.S. Dist. LEXIS 50950 (EDNY 2017) ....................................................... 2, 7, 10

<u>Lightfoot v. Union Carbide Corp.,</u>
  110 F.3d 898 (2d Cir. 1997) ......................................................................................... 4

<u>Perez, Kathleen v. City of New York,</u>
  14 CV 9553 (AT) (SDNY) ........................................................................................... 9

Rabideau v. Beekmantown Central School District,
    89 F.Supp.2d 263 (NDNY 2000) .................................................................................. 9

Reel, Theresa v. NYCDOE,
    09 CV 7322 (PG) (SDNY) ............................................................................................ 9

Richardson v. New York State Dep't of Correctional Serv.,
    180 F.3d 426 (2d Cir. 1999) ......................................................................................... 5

Sank v. CUNY,
    2011 WL 5120668 (SDNY 2011) ................................................................................ 7

Sealy v. Hertz Corp.,
    688 F.Supp.2d 247 (SDNY 2009) ................................................................................ 6

Wanamaker v. Columbian Rope Co.,
    108 F.3d 462 (2d Cir. 1997) ......................................................................................... 5

White v. Roosevelt Union Free School District,
    15 CV 1035 (JS) (EDNY 2017) ............................................................................... 2, 7

Williams v. Regus Management Group, LLC
    836 F.Supp.2d 159 (SDNY 2011) ............................................................................ 6, 7

Woodman v. WWOR-TV, Inc.
    411 F.3d 69 (2d Cir. 2005) ........................................................................................... 5

Zelnik v. Fashion Institute of Technology,
    464 F.3d 217 (2d Cir. 2006) ......................................................................................... 8

Zimmerman v. Associates First Capital Corp.,
    251 F.3d 376 (2d Cir. 2001) ......................................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AIDA SEHIC COYNE,

                        Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; CARMEN FARINA, as Chancellor
of New York City Department of Education and
individually; LAKISHA MCDANIEL-LUKE, as
Principal of I.S. 143 and individually; PATRICIA
GIL, as Assistant Principal of I.S. 143 and
individually; SOPHIA MATOS, as Assistant
Principal of I.S. 143 and individually,

                        Defendants.

18 Civ. 1471 (KBF)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff New York City Department of Education (NYCDOE) tenured English teacher Aida Coyne submits this memorandum of law in response to Defendants' motion to partially dismiss her complaint in this action.

This action was commenced pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the New York State Human Rights Law, N.Y. Exec Law § 296, the New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 *et. seq.*; and 42 U.S.C. § 1981 and 1983, which also addresses Equal Protection violations. The Second Circuit has recognized that complaints of civil rights violations should be not be hastily dismissed, that all allegations in the complaint should be accepted as true, inferences should be drawn in the light

1

most favorable to plaintiff, and such complaints should be construed liberally. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). Based on this liberal standard, Defendants' motion is premature at this juncture and should be denied, as Ms. Coyne has stated valid claims of discrimination and retaliation under the federal, state, and city statutes. Defendants' motion has reached far beyond what is appropriate for a motion to dismiss, and motions of this type against teachers have been routinely denied at this early stage of litigation. *See Hausdorf v. NYCDOE*, 2018 U.S. Dist. LEXIS 13330 (SDNY 2018); *Lebowitz v. NYCDOE*, 2017 U.S. Dist. LEXIS 50950 (EDNY 2017); *White v. Roosevelt Union Free School District*, 15 CV 1035 (JS)(SIL) (E.D.N.Y. 12/20/17). In any event, consideration of this motion should be deferred to the close of pretrial discovery. Therefore, Defendants' partial motion to dismiss should be denied, and this matter should be promptly scheduled for pretrial discovery and an eventual trial.

## **STATEMENT OF FACTS**

Ms. Coyne respectfully refers to the pleadings of her Complaint for a full and complete recitation of the facts of this matter which are summarized below.

Ms. Coyne was employed as an English teacher in September 1999 by the NYCDOE, received tenure three years later, and has been employed as a tenured teacher in various capacities since that time. Complaint ¶ 18. Ms. Coyne was initially assigned to teach full-time as an appointed teacher at I.S. 143 in 1999. *Id.* ¶ 19.

Effective September 2011, Ms. Coyne was excessed from I.S. 143 and placed into the Absent Teacher Reserve Pool ("ATR Pool"). The term "excessed" is used to describe the reassignment of teachers based upon a variety of reasons including budget cuts. Teachers in the ATR Pool are commonly referred to as substitutes and rotate to different schools. *Id.* ¶ 20.

Since being placed in the ATR pool in June 2011, Ms. Coyne was subjected to repeated and outrageous sexual, racial, and national origin harassment through repeated verbal and physical abusive conduct by students towards her at several of her assigned schools in the 2011-12 and the 2013-14, 2014-15, and 2015-16 school years. During that time period, Ms. Coyne was regularly subjected to verbally abusive sexist and racist remarks, remarks based upon her national origin (Croatian), physical threats, and physical sexual assaults. *Id.* ¶ 21.

Ms. Coyne repeatedly brought the issue of harassment to the attention of Defendant administrators to no avail. *Id.* ¶ 24. Defendants failed to respond in any meaningful way to Ms. Coyne's ongoing complaints and concerns about sexual and/or racial and/or national origin harassment, which led to physical, mental, and/or emotional injuries and/or distress to Ms. Coyne. Ms. Coyne's supervisors repeatedly failed to support her and remedy the horrific situations mentioned extensively in her complaint. *Id.* ¶¶ 22-78.

Instead, in retaliation for making these ongoing complaints, Ms. Coyne was brought up on Section 3020-a disciplinary charges in June 2016 by the NYCDOE seeking her termination for ineffective teaching performance. This was primarily rejected by the appointed Section 3020-a panel hearing officer, and instead Ms. Coyne ultimately received a $7,500 fine. Ms. Coyne filed her EEOC/SDHR complaint on April 4, 2017, and commenced this action on February 18, 2018.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE NOT TIME-BARRED.

Defendants argue that any incidents mentioned in Ms. Coyne's complaint, that are older than three years from her filing date of February 21, 2018, should be time barred under certain statutes. However, in the footnote of their memorandum of law, Defendants concede that claims

3

of hostile work environment are not time barred if they are part of continuing violation. Here, given the long litany of harassment she suffered that culminated in Section 3020-a charges against her, a continuing violation analysis is appropriate here, based on a hostile work environment permeated with gender, race, and national origin discrimination. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997) (continuing violation exception "extends the limitations period for all claims of discriminatory acts committed under [an ongoing policy of discrimination] even if those acts, standing alone, would have been barred by the statute of limitations"); *Curcio v. Roosevelt Union Free School District*, 2012 U.S. Dist. LEXIS 120144 (EDNY 2012) ("pattern of antagonism" over intervening period may be sufficient to demonstrate the requisite causal connection); *Housing Works Inc. v. City of New York*, 72 F.Supp.2d 402 (SDNY 1999) (same). Here, Plaintiff is not seeking relief for every slight she suffered, but rather the pattern of abuse she suffered that culminated in Section 3020-a charges against her, which is timely within the applicable time period.

## POINT II

## THE COMPLAINT HAS ALLEGED MORE THAN ADEQUATE VALID RACE, SEX AND NATIONAL-ORIGIN DISCRIMINATION CLAIMS UNDER TITLE VII

A.  **Standard of Law**

In order to establish a *prima facie* case of discrimination under the Title VII of the Civil Rights Act of 1964 for discrimination based on her race/color and sex/gender and national origin, a plaintiff must show that she (1) falls within the protected group; (2) she was performing her duties satisfactorily; (3) she was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *See Graham Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000); *Hongyan Lu v.*

4

*Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413 (2d Cir. 2011). Though a plaintiff bears the burden of producing evidence sufficient to support a prima facie case of discrimination, such evidence need be no more than "minimal" or "de minimis." *See, e.g., Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d. Cir. 2005). A plaintiff's establishment of a prima facie case gives rise to a presumption of unlawful discrimination that shifts the burden of production to the defendant, who must proffer a "legitimate, nondiscriminatory reason" for the challenged employment action. *See id.* at 76.

### B. Ms. Coyne Has Stated Valid Discrimination Claims Based on Race, Sex and National-Origin under Title VII

Defendants do not contest that Ms. Coyne was within a protected group based on race (Caucasian), but challenge her claim that she suffered an adverse employment action that occurred under circumstances giving rise to an inference of discrimination. Ms. Coyne clearly meets her burden for both these elements to survive a motion to dismiss as this early stage of this litigation.

#### *1. Ms. Coyne has indeed suffered multiple materially adverse actions*

A plaintiff sustains an adverse employment action if she endures a "materially adverse change" in the terms and conditions of employment. *See Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). A "materially adverse" change might be indicated by a "material loss of benefits" or other indices unique to a particular situation. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Ms. Coyne has suffered a material loss of benefits. Specifically, she has (1) suffered lost wages as a result of being fined $7500 after the Section 3020-a hearing initiated by her supervisors based on discrimination and retaliation against her; and (2) lost the opportunity to make per session overtime with charges pending against her and since becoming a rotating Absent Teacher Reserve after her 3020-a disciplinary proceeding.

5

Regarding Ms. Coyne's annual rating, it is widely accepted that a negative evaluation or reprimand is considered an adverse employment action if it is accompanied by an adverse result such as "demotion, diminution of wages, or other tangible loss." *Browne v. City Univ. of New York*, 419 F.Supp.2d 315, 322 (E.D.N.Y. 2005), *aff'd sub nom.*, *Browne v. Queens Coll. City Univ. of New York*, 202 F. App'x 423 (2d Cir. 2006) (collecting cases); *see also Herling v. New York City Dep't of Educ.*, 2014 U.S. Dist. LEXIS 56442 (EDNY 2014) (holding that the U rating plaintiff received for the 2009-10 school year constituted an adverse employment action because it was accompanied by a pay-freeze and served to bar plaintiff from earning per-session wages). As such, because Plaintiff received a poor rating, resulting in her being unable to work per session overtime and receiving 3020-a disciplinary charges and a fine, she has plainly met her burden of establishing adverse actions and economic loss for the purpose of an adverse action under Title VII.

Additionally, as to the other allegations of adverse employment action, it is important to note that courts have held that no type of alleged adverse employment action should be outright dismissed without exploration as to whether it qualifies as a true adverse employment action. *See Sealy v. Hertz Corp.*, 688 F. Supp. 2d 247, 258 (S.D.N.Y. 2009) ("[I]n the retaliation context, 'no 'type of challenged conduct [may] be categorically rejected as nonactionable' under the [NYCHRL].'") (internal citations omitted).

   2. *Ms. Coyne has alleged facts showing discriminatory intent based on race, sex and national origin*

The fourth prong of establishing a *prima facie* case of discrimination—that the circumstances surrounding an adverse employment action give rise to an inference of discrimination—is satisfied "if a member of a protected class was treated differently than a worker who was not a member of that protected class." *See Williams v. Regus Management Group LLC*,

6

836 F. Supp. 2d 159 (SDNY 2011); *Sank v. City Univ. of New York*, 2011 WL 5120668, at *11 (SDNY 2011); *see also Zimmerman v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001). There is no evidence that students behaved the same outrageous way to male teachers, other non-Caucasian teachers, or teachers of her national origin.

    *3. Ms. Coyne is not obligated to respond to Defendants' purported legitimate, nondiscriminatory reasons in a motion to dismiss.*

Defendants boldly contend that Ms. Coyne's claims must be dismissed unless she sets forth factual allegations showing that Defendants' legitimate nondiscriminatory reasons were pretextual. At this stage in litigation, Defendants have prematurely submitted a motion to dismiss. They have not submitted an Answer, and no discovery has been conducted. As such, they have not established any legitimate, non-discriminatory reasons for the adverse actions against Ms. Coyne. Indeed, district courts have rejected similar arguments made in other cases. *See Anderson v. City of N.Y.*, 2017 U.S. Dist. LEXIS 8358, at *26 (SDNY 2017) (holding that at the pleading stage, a plaintiff does not need to prove discrimination, allege facts establishing every element of a *prima facie* case, or demonstrate that Defendants' legitimate nondiscriminatory reasons were pretextual); *Hausdorf, supra* (motion to dismiss of teacher's retaliation and discrimination charges denied); *White, supra* (same); *Lebowitz, supra* (same).

**C.    Ms. Coyne Has Stated Valid Retaliation Claims under Title VII and the ADEA based on Making Complaints Against her Administrators based on Race, Sex and National-Origin Discrimination.**

For a plaintiff to state a claim for retaliation, she must allege that (1) she engaged in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *See Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010). To qualify as an adverse employment action for a retaliation claim, the act must be

7

one "that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway v. White*, 543 U.S. 53 (2006).

Furthermore, the Second Circuit has found that "negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation periods, failure to process teacher's insurance forms, transfer from library to classroom teaching as an alleged demotion, and assignment to [a] classroom on [the] fifth floor which aggravated teacher's physical disabilities" may qualify as adverse employment actions for purposes of a retaliation claim. *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 226 (2d Cir. 2006).

Ms. Coyne's negative overall rating for the school years ending in June 2015 and June 2016 and the NYCDOE's decision to bring Section 3020-a termination charges against her initiated by her supervisors occurred *after* she reported the students' repeatedly outrageous discriminatory behaviors to her supervisors, which were largely ignored. Ms. Coyne has plainly alleged that these adverse actions occurred in retaliation for making her repeated complaints, caused by the very same actors who she previously alleged were discriminating against her by failing to meaningfully address and remedy her complaints. This retaliation theory is clearly a genuine issue of material fact that warrants discovery and potential trial. In addition, to the extent that Defendants argue that legitimate, nondiscriminatory reasons exist for the adverse actions, they have once again conflated the standards for a motion to dismiss and motion for summary judgment.

## POINT III

### PLAINTIFF'S RACE-BASED SECTION 1981 CLAIM IS COGNIZABLE GIVEN THAT IT IS BROUGHT IN CONJUNCTION WITH A SECTION 1983 CLAIM.

While this Circuit has recently held that a Section 1981 claim by itself does not provide a private right of action, *Duplan v. City of New York*, 888 F.3d 612 (2d Cir. 2018), it did hold that

the identical claim could be brought under Section 1983, a claim which is also pled in this complaint and therefore should proceed under that theory.

## POINT IV

### PLAINTIFF'S SECTION 1983 CLAIMS SHOULD PROCEED AGAINST THE INDIVIDUAL DEFENDANTS.

Even if the race-based Section 1983 claims cannot be established as a matter of *Monell* policy and practice, the Section 1983 claims against the individual defendants should proceed for their lack of action in failing to stop and address the persistent racial and other abuse Ms. Coyne was suffering at the hands of her students, and instead retaliating her with unjustified observations, ratings, and ultimately Section 3020-a charges. In addition, courts in this Circuit have held that principals can be final policymakers for purposes of *Monell* liability. *See Rabideau v. Beekmantown Central School District*, 89 F. Supp. 2d 263, 268 (N.D.N.Y. 2000) (principal final policymaker for purposes as responsible for discipline in the school). Therefore, the race-based Section 1983 claims should continue in this action at this juncture.

## POINT V

### PLAINTIFF'S SECTION 1983 CLAIMS SHOULD NOT BE DISMISSED BASED ON QUALIFIED IMMUNITY

Defendants argue that Ms. Coyne's claims against the individually named defendants should be dismissed based on qualified immunity. However, Defendants have settled several high profile publicized six figure damages cases in which similar allegations of administrators' failures to respond to a teacher's student to teacher harassment complaints have been alleged against DOE administrators, including *Perez, Kathleen v. NYCDOE*, 14 Civ. 9553 (AT) (SDNY) and *Reel, Theresa v. NYCDOE*, 09 Civ. 7322 (PG) (SDNY). It is not plausible that defendants can claim

9

that they have no knowledge of their responsibility to take action against desperate attempts from a teacher facing persistent abuse from students in their school under their supervision in response to the teacher's complaints. In any event, this qualified immunity issue is one that should be deferred to a later stage in this action.

## POINT VI

### ALL INDIVIDUALLY NAMED DEFENDANTS WITH THE EXCEPTION OF CHANCELLOR FARINA HAVE PERSONAL INVOLVEMENT IN THIS ACTION.

The complaint herein clearly alleges that the individual administrators engaged in a scheme to rate Ms. Coyne poorly and seek her termination through formal Section 3020-a disciplinary charges after she made numerous complaints about her students to her school administration, who failed to address her complaints. Clearly, as Defendants concede, the school principal was alleged to have engaged in that scheme, and it can reasonably be inferred that her subordinates Gil and Matos were involved in that rating scheme to rate Ms. Coyne poorly as well. Therefore, it would be premature to dismiss the school administrators from this action at this juncture.

## POINT VII

### THE COMPLAINT HAS ALLEGED MORE THAN ADEQUATE VALID NATIONAL-ORIGIN DISCRIMINATION CLAIMS UNDER TITLE VII

Defendants concede in their brief that there are several allegations in the complaint concerning discriminatory comments made by students to Ms. Coyne regarding her national origin, including comments about her accent, which were not remedied or addressed by Defendant administrators. Defendants merely contest that these allegations based on national origin are not severe or pervasive enough. This is an issue of fact that warrants further factual development and trial. *Lebowitz, supra.*

## CONCLUSION

For the foregoing reasons, Ms. Coyne respectfully requests that the Court deny Defendants' motion to dismiss the complaint in its entirety, order the case to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
July 16, 2018

Respectfully submitted,

GLASS KRAKOWER LLP
100 Church Street, 8th Floor, Suite 800
New York, NY 10007
(212) 537-6859
bg@glasskrakower.com

By: _____
Bryan D. Glass, Esq.

11