18 Civ. 1471 (KBF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIDA SEHIC COYNE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; CARMEN FARINA, as Chancellor of New York City Department of Education and individually; LAKISHA MCDANIEL-LUKE, as Principal of I.S. 143 and individually; PATRICIA GIL, as Assistant Principal of I.S. 143 and individually; SOPHIA MATOS, as Assistant Principal of I.S. 143 and individually,

Defendants.

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Shawna C. MacLeod*
*Tel:  (212) 356-3187*
*Matter No. 2018-023093*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... iii

PRELIMINARY STATEMENT .......... 1

ARGUMENT

POINT I

PLAINTIFF'S TIME-BARRED CLAIMS SHOULD BE DISMISSED .......... 1

POINT II

THE SHRL AND CHRL CLAIMS SHOULD BE DISMISSED AGAINST ALL DEFENDANTS FOR PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM .......... 2

POINT III

PLAINTIFF'S SECTION 1981 CLAIMS ARE NOT COGNIZABLE AND SHOULD BE DISMISSED .......... 3

POINT IV

THE SECTION 1983 CLAIMS AGAINST THE DOE SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO PLEAD A *MONELL* POLICY .......... 3

POINT V

PLAINTIFF'S SECTION 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED ON QUALIFIED IMMUNITY GROUNDS .......... 5

POINT VI

PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED FOR LACK OF THEIR PERSONAL INVOLVEMENT .......... 7

**Page**

POINT VII

PLAINTIFF'S NATIONAL-ORIGIN HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED ..... 7

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Arizona v. California*,
530 U.S. 392 (2000)....5

*Birch v. City of N.Y.*,
184 F. Supp. 3d 21 (E.D.N.Y. 2016) ....6

*Dressler v. N.Y.C. Dep't of Educ.*,
10 Civ. 3769 (JPO), 2012 U.S. Dist. LEXIS 44249 (S.D.N.Y. Mar. 29, 2012) ....4

*Duplan v. City of N.Y.*,
888 F.3d 612 (2d Cir. 2018)....3

*Frenkel v. N.Y.C. Off-Track Betting Corp.*,
701 F. Supp. 2d 544 (S.D.N.Y. 2010)....4

*Garber v. Legg Mason Inc.*,
347 F. App'x 665 (2d Cir. 2009) ....6

*Hunter v. Bryant*,
502 U.S. 224 (1991)....6

*Hurdle v. Bd. of Educ.*,
113 F. App'x 423 (2d Cir. 2004),
*cert. denied* 544 U.S. 921 (2005)....4

*Lebowitz v. N.Y.C. Dep't of Educ.*,
No. 15-cv-2890/5548, 2017 U.S. Dist. LEXIS 50950 (E.D.N.Y. Mar. 31, 2017) ....8

*Lewinter v. N.Y.C. Dep't of Educ.*,
No. 09 Civ. 0227 (PGG), 2010 U.S. Dist. LEXIS 68493 (S.D.N.Y. July 9, 2010) ....3

*Looney v. Black*,
702 F.3d 701 (2d Cir. 2012)....6

*Martinez v. City of N.Y.*,
11 Civ. 7461 (JMF), 2012 U.S. Dist. LEXIS 173500 (S.D.N.Y. Dec. 6, 2012)....2

*Marvel Characters v. Simon*,
310 F.3d 280 (2d Cir. 2002).... 5-6

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978)....4

**Cases** **Pages**

*Nestle Co. v. Chester's Mkt., Inc.*,
756 F.2d 280 (2d Cir. 1985)....................6

*Pearson v. Callahan*,
555 U.S. 223 (2009)....................6

*Pembaur v. City of Cincinnati*,
475 U.S. 469 (1986) (plurality opinion)....................4

*Perez v. N.Y.C. Dep't of Educ.*,
14 Civ. 9533 (AT) (S.D.N.Y)....................5

*Rabideau v. Beekmantown Cent. Sch. Distr.*,
89 F. Supp. 2d 263 (N.D.N.Y. 2000)....................3, 4

*Reel v. N.Y.C. Dep't of Educ.*,
09 Civ. 7322 (S.D.N.Y.)....................5

*Soloviev v. Goldstein*,
104 F. Supp. 3d 232 (E.D.N.Y. 2015)....................8

*St. Louis v. Praprotnik*,
485 U.S. 112 (1988)....................4

**Statutes**

42 U.S.C. § 1981....................1, 3

42 U.S.C. § 1983....................1, 2, 3, 5, 7

Fed. R. Civ. P. 12(b)(6)....................1

N.Y. Educ. Law § 3813(1)....................3

## PRELIMINARY STATEMENT

New York City Department of Education ("DOE"), Carmen Farina, La Kisha McDaniel-Luke, Patricia Gil, and Sophia Matos (together, "Defendants") moved to dismiss certain claims in plaintiff Aida Coyne's ("Plaintiff") Complaint ("Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's opposition papers ("Opp.") confirm that (1) many of her claims are time-barred, and should be dismissed; (2) her State Human Rights Law ("SHRL") and City Human Rights Law ("CHRL") claims should be dismissed for her failure to plead that she filed a notice of claim; (3) her Section 1981 claims must be dismissed because they are not cognizable against state actors; (4) her Section 1983 claims should be dismissed (a) for her failure to plead a *Monell* policy, (b) for her failure to plead the personal involvement of the individual Defendants, and (c) because the individual Defendants are entitled to qualified immunity; and (5) all her "hostile work environment" claims based on national origin should be dismissed because they do not rise to an actionable level.

For the reasons set forth below and in Defendants' moving papers, Plaintiff's Complaint should be dismissed in part with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF'S TIME-BARRED CLAIMS SHOULD BE DISMISSED

Defendants established in their moving brief ("Mov. Br.") that many of Plaintiff's claims are barred by the applicable statutes of limitations, and should be dismissed. *See* Mov. Br. at 8-9. Plaintiff does not contest that her claims that accrued before June 8, 2016, under Title VII for discrimination and retaliation are time-barred. *See* Opp. at 3-4; Mov. Br. at 8. As to Plaintiff's Title VII hostile work environment claims, Plaintiff does not address Defendants'

argument that she has failed to assert any timely allegations related to her race or national origin. *Compare* Mov. Br. at 8-9 & n.4 *with* Opp. Accordingly, Plaintiff has abandoned these claims and they can be dismissed on that basis, *see, e.g.*, *Martinez v. City of N.Y.*, 11 Civ. 7461 (JMF), 2012 U.S. Dist. LEXIS 173500, at *3 (S.D.N.Y. Dec. 6, 2012), and/or for the reasons stated in Defendants' moving brief, *see* Mov. Br. at 8-9 & n.4.

Further, as Defendants explained in their moving brief, Plaintiff's claims under Section 1983, Title IX, the SHRL and CHRL are barred to the extent they are based on alleged events that accrued before February 21, 2015. Mov. Br. at 9. Plaintiff does not specifically address Defendants' argument that her hostile work environment claims arising out of alleged conduct that took place before the 2014-15 school year are untimely. *Compare* Mov. Br. at 9 & n.5 *with* Opp. Once again, Plaintiff has effectively abandoned these claims, *see Martinez*, *supra*, and the claims are also subject to dismissal for the reasons stated in Defendants' moving brief. *See* Mov. Br. at 9 & n.5.

**POINT II**

**THE SHRL AND CHRL CLAIMS SHOULD BE DISMISSED AGAINST ALL DEFENDANTS FOR PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM**

As established in Defendants' moving papers, Plaintiff's claims under the SHRL and CHRL should be dismissed for Plaintiff's failure to plead that she filed a notice of claim. *See* Mov. Br. at 9-10. Plaintiff does not dispute this argument in her opposition, *compare* Mov. Br. at 9-10 *with* Opp., and she has therefore abandoned these claims. *See, e.g.*, *Martinez*, 2012 U.S. Dist. LEXIS 173500, at *3. For this reason, and the reasons stated in Defendants' moving brief, Plaintiff's SHRL and CHRL claims should be dismissed. *See* Mov. Br. at 9-10 (citing

*inter alia* N.Y. Educ. Law § 3813(1); *Lewinter v. N.Y.C. Dep't of Educ.*, No. 09 Civ. 0227 (PGG), 2010 U.S. Dist. LEXIS 68493, at *7 (S.D.N.Y. July 9, 2010)).

## POINT III

## PLAINTIFF'S SECTION 1981 CLAIMS ARE NOT COGNIZABLE AND SHOULD BE DISMISSED

Plaintiff appears to concede that her Section 1981 claims cannot be maintained against Defendants consistent with *Duplan v. City of N.Y.*, 888 F.3d 612, 616, 619-21 (2d Cir. 2018). *See* Opp. at 8. In any event, the Second Circuit explicitly held in *Duplan* that "with respect to . . . claims under § 1981 . . . 42 U.S.C. § 1983 provides *the sole cause of action* available against state actors alleged to have violated § 1981." *Duplan*, 888 F.3d at 616. (emphasis added). Accordingly, because Plaintiff's Section 1981 claims are not cognizable against the Defendants, they should be dismissed. *See* Mov. Br. at 10.

## POINT IV

## THE SECTION 1983 CLAIMS AGAINST THE DOE SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO PLEAD A *MONELL* POLICY

As Defendants explained in their moving papers, Plaintiff has failed to plead a *Monell* policy, and for this reason, her Section 1983 claims should be dismissed against the DOE and the individual defendants sued in their official capacities. *See* Mov. Br. at 10-12.

Plaintiff's opposition effectively concedes that she failed to plead *Monell* liability against the DOE, and she makes clear that her *Monell* claim is premised solely on her assumption that "principals can be final policymakers for purposes of *Monell* liability." Opp. at 9 (citing *Rabideau v. Beekmantown Cent. Sch. Distr.*, 89 F. Supp. 2d 263, 268 (N.D.N.Y. 2000)). Plaintiff is wrong. As established more fully in Defendants' moving papers, it is not enough for

Plaintiff to assert that the I.S. 143 administrators had decision-making authority with respect to the alleged complained-of acts of discrimination and retaliation. Mov. Br. at 10-12. Plaintiff must instead plead that the government actor—here, the I.S. 143 administrators, in the only potentially timely allegations—had "the authority to adopt rules for the conduct of government" with respect to the actions taken. *Hurdle v. Bd. of Educ.*, 113 F. App'x 423, 427 (2d Cir. 2004) (summary order) (citation and internal quotation marks omitted), *cert. denied* 544 U.S. 921 (2005); *see* Mov. Br. at 10-12; *St. Louis v. Praprotnik*, 485 U.S. 112, 125-32 (1988) (plurality op.); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) (plurality op.). Plaintiff has not pleaded—and cannot plead—this here.

Although a few district court decisions—like *Rabideau*—have made the inconsistent determination that a principal can be a final policymaker under *Monell*, Opp. at 9, these decisions are not binding and are unpersuasive in light of the U.S. Supreme Court and Second Circuit Court of Appeals precedent Defendants cited and discussed in their moving papers. *See* Mov. Br. at 10-12.[1] Indeed, under Plaintiff's logic, and the logic of *Rabideau*, the DOE would be responsible for hundreds, if not thousands, of separate employment policies—one for each principal—that would be subject to change each time the school principal changed. Boiled down, Plaintiff's theory of municipal liability is simply that of *respondeat superior*—liability that *Monell* expressly proscribes. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Frenkel v. N.Y.C. Off-Track Betting Corp.*, 701 F. Supp. 2d 544, 551 (S.D.N.Y. 2010) ("Government entities are not subject to *respondeat superior* liability under Section 1983 for the acts of their employees.").

[1] Indeed, this Court has noted some of the failings in this line of cases. *See Dressler v. N.Y.C. Dep't of Educ.*, 10 Civ. 3769 (JPO), 2012 U.S. Dist. LEXIS 44249, at *51-54 (S.D.N.Y. Mar. 29, 2012).

Plaintiff does not engage with the controlling precedent Defendants cited in their moving papers, nor does she discuss the New York State law that expressly grants the DOE Chancellor the authority to make the types of policies Plaintiff claims the administrator defendants made through their alleged actions in this case. *See* Opp.; Mov. Br. at 10-12.

Accordingly, because Plaintiff has not pleaded a *Monell* policy, her Section 1983 claims against the DOE and the individuals sued in their official capacities should be dismissed.

## POINT V

## PLAINTIFF'S SECTION 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED ON QUALIFIED IMMUNITY GROUNDS

As Defendants explained in their moving papers, Plaintiff's Section 1983 claims should be dismissed against the individual defendants on qualified immunity grounds. Rather than respond to Defendants' legal arguments, Plaintiff asserts that the individual defendants are not entitled to qualified immunity because "Defendants have settled high profile publicized six-figure damages cases" with "similar allegations" of "student to teacher harassment." Opp. at 9.

In purported support of her argument, Plaintiff cites only two case dockets: *Perez v. N.Y.C. Dep't of Educ.*, 14 Civ. 9553 (AT) (S.D.N.Y), and *Reel v. N.Y.C. Dep't of Educ.*, 09 Civ. 7322 (PGG) (S.D.N.Y.). Opp. at 9. Notwithstanding Plaintiff's hyperbole, the orders of dismissal entered on the dockets in these cases are not indicative of anything. They are not judgments on the merits, and they lack any precedential value. *See generally Arizona v. California*, 530 U.S. 392, 414 (2000) (holding that settlement does not create collateral estoppel, even among the parties to the settlement, absent parties' clear intention); *see also Marvel*

*Characters v. Simon*, 310 F.3d 280, 291 (2d Cir. 2002) (same).[2] Moreover, the Second Circuit has long expressed an interest in promoting settlements, *see, e.g.*, *Nestle Co. v. Chester's Mkt., Inc*., 756 F.2d 280, 283 (2d Cir. 1985)—a policy that Plaintiff now seeks to thwart by arguing that a settlement establishes law. In short, the prior cases Plaintiff cites do nothing to show that the instant individual defendants believed they were violating a "clearly established right" under the law, particularly where such a right can only be established after it "has been affirmed by the Supreme Court or the Second Circuit." Mov. Br. at 14 (quoting *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012)).

Plaintiff also argues, without citation, that "this qualified immunity issue is one that should be deferred to a later stage in this action." Opp. at 10. As Defendants explained in their moving brief, however, "because the doctrine of qualified immunity seeks to protect state actors not only from liability, but from having to defend against protected claims, it is the obligation of the court to consider its availability at the earliest point in the case at which that availability can be determined." *Birch v. City of N.Y.*, 184 F. Supp. 3d 21, 28 (E.D.N.Y. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("stress[ing] the importance of resolving immunity questions at the earliest possible stage in litigation") and *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)); *see* Mov. Br. at 13. Here, even if all Plaintiff's allegations were true, the issue of qualified immunity can be decided now in Defendants' favor because (1) the law governing student-on-teacher harassment is uncertain and (2) at the very least, it would have been reasonable for the individual defendants to believe that their alleged actions did not violate clearly established law. Mov. Br. at 13-14.

[2] Plaintiff's assertion that the prior settlements were "publicized" should also be given no weight. Even if Plaintiff had cited publications in support of this statement, which she did not, a court may take judicial notice only of "the *fact* . . . of press coverage . . . without regard to the truth of their contents." *Garber v. Legg Mason Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009) (summary order) (internal quotation marks omitted) (emphasis in original).

Accordingly, the individually named defendants are entitled to qualified immunity, and Plaintiff's Section 1983 discrimination and retaliation claims should be dismissed against them.

## POINT VI

## PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED FOR LACK OF THEIR PERSONAL INVOLVEMENT

Recognizing that her Complaint contains no plausible factual allegations against former DOE Chancellor Carmen Farina, Plaintiff concedes that Ms. Farina should be dismissed from this action. *See* Opp. at 10, Point VI; *see also* Mov. Br. at 15-16.

With respect to the other individually named defendants, Plaintiff asks that this Court "infer[]" that Ms. Gil and Ms. Matos "were involved in th[e] rating scheme to rate Ms. Coyne poorly," Opp. at 10, despite the Complaint's failure to plead such claims. This is not a plausible inference, however, and in the absence of any factual allegations in the Complaint, Plaintiff's retaliation claims against Ms. Gil and Ms. Matos should be dismissed. *See* Mov. Br. at 16. Further, Plaintiff does not allege that Ms. McDaniel-Luke participated in any timely retaliatory action against Plaintiff except for the 2015-16 "ineffective" rating. *See id.*; Compl. ¶ 79. Accordingly, any other retaliation claims against Ms. McDaniel-Luke should be dismissed.

## POINT VII

## PLAINTIFF'S NATIONAL-ORIGIN HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED

As discussed in Defendants' moving papers, Plaintiff's allegations of "hostile work environment" based on her national origin do not rise to an actionable level. Mov. Br. at 17-18. Plaintiff argues that "further factual development and trial" are "warranted" to determine whether the alleged national-origin based acts were "severe or pervasive enough." Opp. at 10.

This is not so, especially where Defendants have assumed, as they must on a motion to dismiss, that all Plaintiff's allegations are true. This assumption notwithstanding, the complained-of conduct is not severe or pervasive. *See* Mov. Br. at 17-18.

Curiously, Plaintiff relies on *Lebowitz v. N.Y.C. Dep't of Educ.*, No. 15-cv-2890/5548, 2017 U.S. Dist. LEXIS 50950, at *31-32 (E.D.N.Y. Mar. 31, 2017), in an effort to support her claims. But the *Lebowitz* Court granted summary judgment to the defendants on the plaintiff's Title VII, SHRL, and CHRL national-origin discrimination claims, where the plaintiff alleged "several instances in which school administrators made reference to [the plaintiff's] Russian accent, which [the plaintiff] perceived to be insulting." *Id.* at *31-32 (holding that stray comments such as "Do you understand her?" and "Does her accent seem unpleasant to you?" did not rise to actionable level); *see Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 241, 250 (E.D.N.Y. 2015) (finding that comments including "oh another Russkee"; "you Russians are taking over everything"; and "Russians get everything handed to them" did not support national-origin discrimination claim even under more liberal CHRL standard).

Accordingly, Plaintiff's hostile work environment claims based on national origin should be dismissed.[3]

[3] Point II of Plaintiff's opposition brief purports to respond to Defendants' motion, making numerous arguments that her claims should survive dismissal under Title VII and the ADEA (the latter is not a claim in this action). *See* Opp. at 4-8. Except for Plaintiff's national-origin based hostile work environment claims and her time-barred claims, Defendants have not moved to dismiss the claims Plaintiff discusses in this section of her brief. Defendants also did not "boldly contend that Ms. Coyne's claims must be dismissed unless she sets forth factual allegations showing that Defendants' legitimate nondiscriminatory reasons were pretexutal," as Plaintiff contends. Opp. at 7. Nor did Defendants "argue that legitimate, nondiscriminatory reasons exist for the adverse action . . . once again conflat[ing] the standards for a motion to dismiss and motion for summary judgment." *Id.* at 8. Defendants have not made any such arguments at this stage. It appears instead that Plaintiff has conflated the two standards, citing the parties' respective burdens on a motion for summary judgment, and discussing "evidence" throughout Point II of her brief. *Id.* at 4-8. For these reasons, Defendants have not responded to the substance of Plaintiff's arguments in Point II of her opposition.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' moving papers, Defendants respectfully request that the Court grant their partial motion to dismiss the Complaint, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 31, 2018

**ZACHARY W. CARTER**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 2-111
New York, New York 10007
(212) 356-3187
smacleod@law.nyc.gov

By: *<u>/s/ Shawna C. MacLeod</u>*
Shawna C. MacLeod
Assistant Corporation Counsel

To: Bryan D. Glass, Esq. (via ECF)
*Attorney for Plaintiff*